IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-01359-RPM

HARVEY ALAN TEPPER,

        Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

---

ORDER GRANTING SUMMARY JUDGMENT

---

Harvey Alan Tepper seeks a declaratory judgment that State Farm Fire and Casualty Company ("State Farm") must defend him and indemnify him from and against claims made against him in *LaFond v. Tepper*, Civil Action 05-CV-1472 in the District Court for Arapahoe County, Colorado. That action was first filed in Denver as Civil Action No. 04-CV-7718. The complaint in that case alleges that the plaintiff's twelve-year-old daughter has sustained severe and emotional distress resulting in treatment expenses and long term injuries, damages and losses as a consequence of an incident occurring on July 5, 2004, at Tepper's residence. The factual core of the case is stated in the following paragraphs from the complaint:

> 4. In our [sic] around July 5, 2004, the Defendant Harvey Alan Tepper induced the minor Plaintiff to come to his house, invited her to use his hot tub wherein he indicated that he would be on a different level of the house and that she could use the hot tub naked as he would not be present. Thereafter, the Defendant encouraged the minor Plaintiff to disrobe in a particular portion of the house and use the shower to get the chlorine off her body.

5. Through police investigation it was later determined that Mr. Tepper had his entire house, but most notably the hot tub and the particular bathroom and shower he invited the minor Plaintiff to utilize, equipped with cameras.

6. The minor Plaintiff is aware that during the balance of time she was either in the hot tub or shower that the Defendant remained in his bedroom. Through police investigation it was determined later that the monitors for the cameras were located in that same locale. Furthermore, it was determined by the police that the Defendant had recorded numerous young females under similar circumstances and upon information and belief recorded this minor Plaintiff.

Based on these facts, two claims are pleaded. The First Claim for Relief alleges negligence, asserting that Tepper's conduct of inviting the minor to disrobe under the assumption of privacy when there were in fact cameras present throughout the house was "presumptively negligent." The Second Claim for Relief claims liability under Colorado's Premises Liability Act, C.R.S. § 13-21-115, because Tepper failed to use reasonable care to protect the minor plaintiff 'against the emotionally dangerous activities on the property."

Tepper was insured by State Farm's Homeowners Policy #06-BW-3932-4 and made his demand for coverage in a timely manner. State Farm disclaimed coverage by its letter dated December 21, 2004.

In its motion for summary judgment, the defendant insurer contends that the essence of the *LaFond* case against its insured is that he engaged in actions constituting the sexual exploitation of a child in violation of C.R.S. § 18-6-403(3)(a) for which intent is presumed under *Allstate Ins. Co. v. Troelstrup,* 789 P.2d 415 (Colo. 1990) for purpose of an intentional injury exclusion, as contained in this policy, and the Personal Injury Endorsement, FE-7468.3. The endorsement defines "personal injury as

injury arising out of listed offenses, including invasion of the rights of privacy, but excludes injury caused by a violation of a penal law committed by or with the knowledge of the insured.

Tepper counters that the negligence and premises liability claims in the *LaFond* complaint are within the policy coverage because LaFond's lawyers "expressly dis-affirmed any knowledge of Mr. Tepper's intent or that any of the alleged conduct was intentional in nature." To avoid being accused of being a voyeuristic homeowner, Tepper asks this Court to read the *LaFond* complaint as nothing more than a failure to protect against accidental exposure to surveillance cameras in a home security system. That sanitized version of the accusations made against Tepper is disingenuous. It ignores the allegations that he "induced" the minor to come to his house; that he "invited" her to use his hot tub naked and "encouraged" her to disrobe in a particular area and use the shower. The *LaFond* complaint explicitly alleges that the hot tub, bathroom and shower were equipped with cameras, that monitors were in the bedroom where Tepper remained and that he had recorded numerous young females under similar circumstances. It is obvious that LaFond's lawyers characterized the claims as negligence and premises liability in an artful dodge of the exclusions in the homeowner's policy in the hope of obtaining a judgment that State Farm must pay.

Even if it is assumed that Tepper did not act with the requisite intent to support criminal liability, his actions in luring this little girl into his lair constitute intentional conduct that can not be characterized as an "occurrence" as defined in the policy's language of coverage. The injuries or damages claimed come from conduct within the exclusion of what is either expected or intended by the insured. The defendant's

motion for summary judgment is granted. The policy with the endorsement created no duty to defend or indemnity the insured from the claims in the *LaFond* complaint. Accordingly, it is

ORDERED, that this civil action is dismissed and the Clerk shall enter judgment accordingly with an award of defendant's statutory costs, exclusive of attorney's fees.

Dated: August 8th , 2006

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge